UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ELAINE M. CALLAHAN,<br>          Plaintiff,<br><br>          v.<br><br>BRUCE HENRY, Justice of the<br>Superior Court of MA (and RAJ),<br>          Defendant. | Civil Action No.<br>14-13162-NMG |
| ELAINE M. CALLAHAN,<br>          Plaintiff,<br><br>          v.<br><br>EDWARD P. LIEBENSPERGER, ET<br>AL.,<br>          Defendants. | Civil Action No.<br>14-13535-NMG |

MEMORANDUM AND ORDER

GORTON, J.

### Procedural Background

On April 8, 2015, this Court issued a Memorandum and Order (Docket No. 7 in C.A. 14-13535-NMG and Docket No. 5 in C.A. 14-13162-NMG) directing plaintiff to demonstrate good cause in writing why these two actions should not be dismissed for the numerous reasons stated therein.[1]  Plaintiff also was directed to

---

[1]The Memorandum and Order sets forth in detail the allegations and arguments of plaintiff as well as the various legal impediments, and is incorporated herein by reference.  The legal impediments included, *inter alia*, the failure to set forth plausible claims in accordance with Rule 8 of the Federal Rules of Civil Procedure, the lack of standing of plaintiff to sue as the sole surviving member of the Frances M. Callahan Co., LLC ("FMCCLLC"), the jurisdictional bars based on the Rooker Feldman and/or Younger Abstention doctrines, and absolute judicial

file Amended Complaints in each action in accordance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Further, this Court preliminarily found that plaintiff's suits against judges were frivolous, malicious, vexatious, and/or abusive.

Thereafter, on May 19, 2015, plaintiff filed additional pleadings and motions, including a Motion to Appoint Counsel and a Motion for an Extension of Time to File her Response to the Memorandum and Order.  On May 28, 2015, this Court issued an Electronic Order (Docket No. 15) denying plaintiff's Emergency Motion to Appoint Counsel because she is a licensed attorney and because of the preliminary finding that her claims were frivolousness, malicious, vexatious and/or abusive. Additionally, this Court granted plaintiff until July 13, 2015 to file her Show Cause Responses and Amended Complaints.  Plaintiff had requested additional time based on health issues; however, this Court deemed a 42-day extension was warranted -- not the lengthy extension she sought.  The Show Cause Response was limited to 20 pages.

On July 13, 2015, plaintiff filed three lengthy pleadings in both cases, with attached exhibits.  These include: (1) Motion for Extension of Time to 8/3/15 (Docket No. 17 in C.A. 14-13535-NMG and Docket No. 15 in C.A. 14-13162-NMG)(11 pages)[2];

---

immunity as a bar to all claims.

[2]In each case this document is entitled "Affidavit (and Verified Form) Part-I Notice (Including Justice's Mistakes, Need Motion to Correct Errors and inventions, for Facts [by

(2) Emergency Supplemental Motion for Extension of Time to 8/3/15 and Motion to Correct Errors of Fact and Law (Docket No. 18 in C.A. 14-13535-NMG and Docket No. 16 in C.A. 14-13162-NMG)(26 pages)[3]; and (3) Motion to Correct (Docket No. 19 in C.A. 14-13535-NMG and Docket No. 17 in C.A. 14-13162-NMG)(60 pages).[4] Plaintiff requested an evidentiary hearing.  She did not, however, file an Amended Complaint in either action before her proposed August 3, 2015 deadline.

On August 18, 2015, plaintiff filed, in each case, a

---

submission] Law [e.g.'s Part II); As Feared Deadline Not Feasible; Motion to Extend Time to Requested 8-3-2015").  Docket No. 17 in C.A. 14-13535-NMG and Docket No. 15 in C.A. 14-13162-NMG.

[3]In each case this document is entitled "Affidavit (and Verified Form) Part II to: Notice of Intent to File (sic by 8-3-2015) Because of Need to file on found errors: Motion to Correct Errors of Fact and Law[;] Emergency Supplemental Motion to Extend Time to First Requested date of 8-3-2015 with Examples of SOME of Court Errors."  See Docket No. 18 in C.A. 14-13535-NMG and Docket No. 16 in C.A. 14-13162-NMG.

[4]In each case this document is entitled "Affidavit (and Verified Form) Table of Content: Exhibits including to: Notice of Intent to File (sic by 8-3-2015) Because of Need to fille on found errors: Motion to Correct Errors of Fact and Law (and in further support of Motion to Extend Time to First Requested date of 8-3-2015 and 7-13-2015 Supplemental Notice and Motion."  See Docket No. 19 in C.A. 14-13535-NMG and Docket No. 17 in C.A. 14-13162-NMG.  Directly underneath the title line is a footnote that states: "As standards to be able to affirm conduct of attys, family members and State Courts; also to establisb [sic] jurisdiction including under EXTRAORDINARY CIRCUMSTANCES INCLUDING FOR CORRUPTION IN OFFICE, CLOSING OUT OF CONSTITUTIONAL PROCESS and RIGHTS et al and that there is no viable Constitutional forum (by way of Appeal or otherwise in STATE forum); and, to use for support for Williams-Like Hearing to Clear Plaintiff's name from baseless, wrongful disparaging, hostile, stigmatizing punitive based assertions and assault of P's character by NMG.  Justice which was done on undisclosed subsidiary fact, statements of false ultimate which was, in and of itself a violation of P's Constitutional rights.)."  Id.

document entitled  "Verified (& Affidavit Form) Notice of Filings (resubmission of 8-3-2015, and of 8-18-2015 to Clerk CD [an Original 8-18-15 on Electronic Filing])."  <u>See</u> Docket No. 20 in C.A. 14-13535-NMG and Docket No. 18 in C.A. 14-13162-NMG.  In that document plaintiff stated that she was resubmitting for docketing materials that were given to a clerk by e-mail on August 17, 2015.[5]  She also stated that she was filing a "Notice of More Errors of Court Errors in Court Memo (originally filed 8-3-2015.)"  <u>Id.</u> at 2.  Next, she included a "Notice of Health Matters AND Request to Extend time to original requested submission date of 8-3-15)."  <u>Id.</u>

Additionally, plaintiff stated that she had one "fresh" motion -- a "Motion to Do Electronic Filing."  <u>Id.</u>  Finally, she submitted an "Apology and Notice of health matters (also contains Progress report: update)" and a "Notice sic Update (Progress Report) with Motion to Extend Time to August 24, 2015."  <u>Id.</u>

In addition to the Notice of Filings, plaintiff submitted, in each case, a number of motions corresponding to her Notice. First, plaintiff filed a document with a top heading "8-3-2015 submission (some MORE-ERRORS OF FACT in Ct. Memo) and after CD, clerk's 8-18-2015 email to submit by hand or mail; Resubmitted by hand 8-18-2015."  <u>See</u> Docket No. 21 in C.A. 14-13535-NMG and Docket No. 19 in C.A. 14-13162-NMG (14 pages).  Below the caption she titles the document as a "Verified (& Affidavit Form) NOTICE

---

[5]The Court's docket does not reflect any filings on that date.

(Some More Quick Errors et al)." <u>Id.</u>

Second, plaintiff filed a Motion to File by E-Mail, entitled "Verified (& Affidavit Form) Apology Notice and Motion to file by Email/Electronic filing (to his clerk or otherwise) And Reservation to do in hand or mail failing." <u>See</u> Docket No. 22 in C.A. 14-13535-NMG and Docket No. 20 in C.A. 14-13162-NMG.

Third, plaintiff filed a document entitled "Verified (& Affidavit Form) Emergency MOTION (for Patience to 8-17-2015; impound health 'Exhibit[']) and NOTICE (including Status and too [sic] Other Errors, them detailed under separate filing." <u>See</u> Docket No. 23 in C.A. 14-13535-NMG and Docket No. 21 in C.A. 14-13162-NMG.

Fourth, plaintiff filed a document entitled "Verified (& Affidavit Form) APOLOGY NOTICE AND UPDATE MOTION (FOR COURT PATIENCE and to try for August 24, 2015 filing) AND MOTION to file by Email (to his clerk or otherwise)." <u>See</u> Docket No. 24 in C.A. 14-13535-NMG and Docket No. 22 in C.A. 14-13162-NMG.

Fifth, plaintiff filed a document entitled "Verified (& Affidavit form) on Health (with Motion to Impound). <u>See</u> Docket No. 25 in C.A. 14-13535-NMG and Docket No. 23 in C.A. 14-13162-NMG.

Thereafter, on August 26, 2015, plaintiff filed, in each case, a "Verified (& Affidavit Form) Apology, Notice, Update and Motion (and claim to 'mail box rule' for 'filing' date of 8-24-2015." <u>See</u> Docket No. 26 in C.A. 14-13535-NMG and Docket No. 24 in C.A. 14-13162-NMG.  In those documents, plaintiff requests an

5

extension to August 31, 2015 to file a package addressing
jurisdictional and judicial immunity issues.  She claims she had
flooding issues in her building.  She also reiterates her claims
and the alleged errors by the Court.

On September 1, 2015, plaintiff filed, in each case, a
"Notice of List of Filings (For each case and Judge's copy."  <u>See</u>
Docket No. 27 in C.A. 14-13535-NMG and Docket No. 25 in C.A. 14-
13162-NMG.  Attached to that Notice was a "Verified (& Affidavit
Form) Apology, Notice, Update and motion (and claim to 'mail box
rule' for 'filing' date of 8-30-2015 with good faith submission
of LIST (only) of 30 Years of COURT PROCEEDINGS needed for Court
HISTORY."  <u>Id.</u> (ECF at 3).  She notes some of her cases in the
Superior Court, Probate Court, Appeals Court, and the Supreme
Judicial Court.  She indicates that the process of providing a
30-year court history and notes within it, so that this Court has
the total picture, is "Mamoth. [sic] Encyclopedia Britannica
Epir."  <u>Id.</u> (ECF at 4).  She requests an Extension of Time to
submit her package by September 8, 2015.  Further, she indicates
that she needs to provide a package to this Court addressing the
Younger and Rooker-Feldman doctrines, and the absolute judicial
immunity doctrine.  She appears to indicate her position that
judges may be sued for "functional ministerial" actions.  <u>Id.</u>

Accompanying this pleading, plaintiff filed an "Affidavit
(and Verified Form) Relevant State Court Histories (with needed
BACKGROUND FAMILY et al HISTORY and BACKGROUND LAW."  <u>See</u> Docket
No. 28 in C.A. 14-13535-NMG and Docket No. 26 in C.A. 14-13162-

NMG. In that document, she lists cases from the Superior Court, the Boston Municipal Court, the Housing Court, the Probate Court, the Appeals Court, the SJC, the Rent Equity Board Proceedings, and the Board of Bar Overseers complaints.  Id.

## Discussion

I.   The Motions for Extension of Time Filed July 13, 2015

A.   The First Motion: Request For Extension to August 3rd

Plaintiff's first Motion for an Extension of Time, entitled "Affidavit (and Verified Form) Part-I Notice (Including Justice's Mistakes, Need Motion to Correct Errors and inventions, for Facts [by submission] Law [e.g.'s Part II); As Feared Deadline Not Feasible; Motion to Extend Time to Requested 8-3-2015" (Docket No. 17 in C.A. 14-13535-NMG and Docket No. 15 in C.A. 14-13162-NMG), is incoherent, rambling, and includes extraneous background information such as her "near death" experience, her health problems, and her mother's health.  From what can be discerned, plaintiff reiterates many of the allegations contained in her complaint regarding corruption of court-appointees and perjury by family members.  She contends she needs until August 3, 2015 to file her memorandum of the Court's mistakes of law and fact.  She requests that this Court STAY the time for filing her Amended Complaints until after the Court reviews that memorandum.  She further requests an evidentiary hearing be set in order to clear her name.  She submits that if she could be heard in oral argument, she could "walk" this Court through everything and the Court could ask any questions of her that it needed.

This Court finds that plaintiff's motion does not comply with the directives to file a Show Cause Response and an Amended Complaint in each case by July 13, 2015, and that she has not demonstrated good cause for a further extension. It is significant that this Court carefully examined her original Motion for an Extension in each case (filed May 19, 2015) and found that she had shown good cause only for a 42 day extension, but not good cause for an extension to August 20, 2015 as she had requested. <u>See</u> Electronic Order (Docket No. 15). Even more significant is the fact that plaintiff managed to compile almost 100 pages of documents to submit to this Court (*i.e.*, her three pleadings in both cases and the attached exhibits), yet she could not manage to file Amended Complaints as directed. Indeed, as noted above, since she filed this request, she has filed numerous other requests and pleadings. As of September 1, 2015, plaintiff still has not filed her Amended Complaints and continues to inform the Court that she has yet more submissions to make, acknowledging she still needs to address the various legal impediments outlined by this Court. The initial Memorandum and Order to show cause and file an Amended Complaint in each case issued on April 8, 2015, and therefore plaintiff has had almost four months to comply with this Court's directives.

Notwithstanding that plaintiff is proceeding *pro se*, she is a licensed attorney in Massachusetts and therefore should have been able to comply with the Court's directives. Her choice to concentrate her efforts in preparing memoranda of errors of this

Court rather than concentrating on filing Amended Complaints, was improvident.  Although plaintiff claims no one will be prejudiced by this extension, this Court has an interest in maintaining its docket and managing its cases; it cannot permit an action to languish on the Court's docket as plaintiff wishes.  Finally, for the reasons set forth below, this Court finds that granting plaintiff additional time to file Amended Complaints or further show cause responses would be futile and a waste of judicial resources.

Accordingly, plaintiff's Motion for Extension of Time to 8/3/15 (Docket No. 17 in C.A. 14-13535-NMG and Docket No. 15 in C.A. 14-13162-NMG) will be <u>DENIED</u> in its entirety.

   B.   <u>The Second Motion for an Extension of Time, a Stay of Deadline Pending the Court's Review of Errors, and for Evidentiary Hearing</u>

Similarly, plaintiff's Emergency Supplemental Motion for Extension of Time to 8/3/15 and Motion to Correct Errors of Fact and Law, Docket No. 18 in C.A. 14-13535-NMG and Docket No. 16 in C.A. 14-13162-NMG, contains another request for an extension of time.  It also is virtually incoherent and rambling, raises extraneous matters, and reiterates the allegations in her complaints.  As noted above, she indicates her plan to file a more extensive memorandum outlining this Court's "inventions" and "errors of fact."  She alleges this Court has made deliberately false statements indicating that she is a liar, and has attacked her character, honesty, and integrity for the benefit of attorneys, family members, courts, and judges.  Emergency

Supplemental Motion for Extension of Time.  <u>See</u> Docket No. 18 in C.A. 14-13535-NMG and Docket No. 16 in C.A. 14-13162-NMG, at 4, ¶ 4.

Among other things, plaintiff seeks to clarify an alleged error by pointing out that it was her father's statement that <u>he</u> bribed judges "all the way to the very top" and this Court should not attribute her with making that statement.  <u>Id.</u> at 5, ¶ 8. She further contends that her allegations that her sister and father committed identity theft, fraud, and defamation were not epithets (as this Court characterized them) because her father had admitted that he (and others) defrauded her out of her rights to title and interest in her mother's company.[6]

Next, plaintiff attempts to explain the factual circumstances concerning her sister's allegation that plaintiff had attacked her, which allegation resulted in a Ch. 209A restraining order against plaintiff in or around 1988.  Plaintiff claims that ten years later, in 1998, her sister had admitted that the assault never happened; they may have bumped each other as they were going down a narrow basement hall.

As an additional matter, plaintiff takes issue with this Court's references to a 1989 matter involving plaintiff (Case No. 89-P-968).  She also takes issue with respect to this Court's references to <u>Eastern Bank</u> v. <u>Donovan</u> [74 Mass. App. Ct. 1119, Mass. App. Ct. 2009] setting forth background regarding

---

[6]Since plaintiff alleges that her father died in 2002, her allegations of wrongdoing must have occurred prior to this time. <u>See</u> statute of limitations discussion, *infra*, at 13.

plaintiff's litigation history as well as her contestation of her mother's 1999 Will.

Further, plaintiff alleges that this Court has portrayed her as a "complaining 'bitch'" on the grounds that she was bothered by being falsely accused of being a "master criminal" by engaging in forgery regarding the FMCCLLC Operating Agreement at issue in this case.  See Emergency Supplemental Motion for Extension of Time (Docket No. 18 in C.A. 14-13535-NMG and Docket No. 16 in C.A. 14-13162-NMG, at 18, ¶ 32).  She also contends that this Court has "taken a shine to these attorneys (well to every attorney but me) including reveling in, and applauding, the fraudulent assertion in pleadings and before courts of their stating the falsehood as fact that [plaintiff] engaged in criminal actions, including FORGERY."  Id. at 20, ¶ 36.  As relief, plaintiff seeks an extension of time, with a Stay of filing an Amended Complaint in each case until the errors contained in the Court's Memorandum and Order can be reviewed. She also seeks an evidentiary hearing so that she may guide this Court through her submissions.

Reading this pleading broadly, the Court considers it to constitute part of plaintiff's Show Cause Response in each case. Nevertheless, she fails to address in any meaningful fashion the legal impediments to her claims as outlined in this Court's Memorandum and Order.  Moreover, apart from the pleading deficiencies under Rule 8 of the Federal Rules of Civil Procedure, this Court finds that plaintiff's complaints contain

fundamental, incurable, legal impediments that bar relief in these two actions.  This is true regardless of whether this Court may have mis-characterized or misunderstood the facts that plaintiff has alleged.

As outlined in the prior Memorandum and Order, the absolute judicial immunity doctrine bars all of plaintiff's claims against the defendants, Judge Henry, Justice Leibensperger, Justice Inge, and Justice Roach.  See id. at 21-24.[7]  Plaintiff has been given an opportunity to show cause why this doctrine should not be applied to both of her cases, but has not addressed this issue in any meaningful way in any of her submissions, although she indicated in her September 1, 2015 filings that she was aware that she needed to do so.  In any event, based on plaintiff's allegations, this Court can find no basis whatsoever not to apply this doctrine to bar all of her claims in each of her cases.  Although she references ministerial actions in her September 1, 2015 filing, in view of the allegations in her complaints, there are no bases to find that the defendant judges are not entitled to absolute judicial immunity for any actions taken in the course of judicial proceedings.  For plaintiff to even suggest otherwise bolsters this Court's view that these two actions are frivolous, malicious, vexatious, and/or abusive.

Along this line, the Court notes that plaintiff does not

---

[7]In light of the failure to state a claim upon which relief may be granted, the Court need not address the questionable jurisdictional issues of standing to sue also outlined in the prior Memorandum and Order.

12

address the preliminary finding that these actions are frivolous, malicious, vexatious, and/or abusive.  See Id. at 24-25.  Her attempt to demonstrate factual errors of the Court or misapplication of the law does not persuade this Court that these two actions were filed with objective good faith.

Finally, while this Court has not addressed the statute of limitations issues in the prior Memorandum and Order, it is clear from plaintiff's latest filings that most, if not all, of the alleged wrongful actions of the defendants and others took place more than a decade ago (in 1987, 2002, and 2003).  In light of this, her claims regarding the rulings or conduct by the defendant judges during litigation between those dates would be barred by the statute of limitations for § 1983 cases.[8]

It is true that a complaint may be dismissed on statute of limitations grounds "only if 'the pleader's allegations leave no doubt that an asserted claim is time-barred.'"  Young v. Lepone, 305 F.3d 1, 8 (1st Cir. 2002)(quoting LaChapelle v. Berkshire

---

[8]In this District, the statute of limitations for claims under the Civil Rights Act is three years.  See Cao v. Puerto Rico, 525 F.3d 112, 115 (1st Cir. 2008) (the statute of limitations under § 1983 is determined by applying the statute of limitations under personal injury law in the forum state); Nieves v. McSweeney, 241 F.3d 46, 52-53 (1st Cir. 2001) (§ 1983 cases); Mass. Gen. Laws ch. 260, § 2A.  Under Massachusetts law, the time period begins to run one day after the cause of action accrues, "with the last day for filing suit being the anniversary date of the event."  Poy v. Boutelis, 352 F.3d 479, 483 (1st Cir. 2003).  Further, the United States Court of Appeals for the First Circuit ("First Circuit") has stated that: "[a]s we have time and again repeated, the accrual date for a § 1983 action is simply the date when the potential plaintiff knew or should have known that she was harmed."  Cao, 525 F.3d at 115.

Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998)).  However, the
First Circuit has held that "a complaint which states a claim
that appears to have expired under the applicable statute of
limitations may be dismissed as frivolous" under the *in forma
pauperis* statute.  Johnson v. Rodriquez, 943 F.2d 104, 107 (1st
Cir. 1991), cert. denied, 502 U.S. 1063 (1992)(quoting Street,
936 F.2d at 39).  See Braun v. Gonzales, 557 Fed. Appx. 176, 179
(3d Cir. 2014)(holding that where a statute of limitations
defense is obvious from the face of the complaint and no further
development of the record is needed, a court may dismiss a
time-barred complaint *sua sponte* under 28 U.S.C.
§ 1915(e)(2)(B)(ii)).[9]

Therefore, for all of the reasons discussed herein, and for
all of the reasons set forth in connection with the discussion of
plaintiff's Motion for Extension of Time to 8/3/15 (Docket No. 17
in C.A. 14-13535-NMG and Docket No. 15 in C.A. 14-13162-NMG),
this Court finds no good cause has been shown to grant the
requested relief.

Accordingly, plaintiff's Emergency Supplemental Motion for
Extension of Time to 8/3/15 and Motion to Correct Errors of Fact
and Law (Docket No. 18 in C.A. 14-13535-NMG and Docket No. 16 in

---

[9]Although the statute of limitations is an affirmative
defense and although Rule 8(a) of the Federal Rules of Civil
Procedure does not require a plaintiff to plead facts to avoid
potential affirmative defenses, a complaint can be dismissed on a
preliminary screening for failure to state a claim if the
allegations therein show that relief is barred by the relevant
statute of limitations.  See Jones v. Bock, 549 U.S. 199, 215
(2007).

C.A. 14-13162-NMG) will be <u>DENIED</u> in its entirety.  The request
for a Stay of the deadline for filing Amended Complaints and for
an Evidentiary Hearing also will be <u>DENIED</u>.

II.  <u>The Motion to Correct Errors of Facts and Law, Filed July
     13, 2015</u>

     Plaintiff's Motion to Correct is styled as an Affidavit and
Table of Contents, presumably in support of her other motions
discussed above.  She summarizes her arguments for an enlargement
of time, by again noting that it was her father who stated that he
bribed judges and admitted fraud and theft of plaintiff's
business, home and FMCCLLC property.

     Next, she again alleges that the assault incident involving
her sister never happened, and claims that the attempted murder
allegation was an invention of the BBO Chair.  Further, plaintiff
argues that Attorney Lerman's Power of Attorney (for her father)
permitted him to treat all assets as his own personal property.

     As an additional matter, plaintiff contests the actions of
her mother's Special Administrator and his law firm because he
allegedly lied in pleadings by indicating plaintiff was only a
creditor, and not an owner of the assets as she claimed.  She also
contests the 11-year Stay of disbursement of funds, and the theft
of her assets in the amount of $1,000,000.  She claims that in
2003, there was no power to sell her home and no court approval of
the sale of her business and home residence.

     This motion fairs no better than the other motions discussed
herein.  Plaintiff makes a number of allegations taking issue with
court proceedings and wrongdoings by persons <u>other</u> than the

15

defendants, more than three years ago.  Accordingly, for all the reasons set forth above, plaintiff's Motion to Correct (Docket No. 19 in C.A. 14-13535-NMG and Docket No. 17 in C.A. 14-13162-NMG) will be <u>DENIED</u>.  Her request for an Evidentiary Hearing also will be <u>DENIED</u>.

### III.  <u>The Notice of More Errors of Fact, Filed August 18, 2015</u>

Plaintiff's August 18, 2015 submissions also do not further plaintiff's claims.  Each is rambling and not entirely coherent. Moreover, each is untimely and filed without Court permission.

Specifically, in her Notice of More Quick Errors, Docket No. 21 in C.A. 14-13535-NMG and Docket No. 19 in C.A. 14-13162-NMG, plaintiff notes that the FMCCLLC Operating Agreement at issue became effective on March 17, 2000 and not March 18, 2000.  She again discusses the background of the <u>Eastern Bank</u> case, *supra*, taking issue with the appointment of the Special Administrator. She also takes issue with the BBO Chair's opinion (and statement to judges) that plaintiff had forged her mother's signature.  She reiterates her allegations concerning misconduct by her father and sister, denying that these were bald assertions (as characterized by this Court).

Without detailing each and every matter with which plaintiff takes issue, suffice it to say that nothing in this document (filed in each case) addresses the fundamental legal defects noted in this Court's prior Memorandum and Order.  Thus, considering this pleading to be a supplemental show cause response, this Court finds it to be deficient.

IV.   <u>The Motion To Do Electronic Filing, Filed August 18, 2015</u>

As a general matter, a *pro se* plaintiff is not foreclosed from participating in the Court's electronic filing system, provided, however, that compliance with the application and training prerequisites are met.   The permission to use electronic filing is separate from the issue whether a plaintiff may access electronic Court records without charge.

Here, the Court presumes plaintiff seeks access to PACER free of charge.   In view of the dismissal of these cases for the reasons stated herein, plaintiff's Motion to do Electronic Filing in each case (Docket No. 22 in C.A. 14-13535-NMG and Docket No. 20 in C.A. 14-13162-NMG) will be <u>DENIED</u> without prejudice.   Any further pleadings (*e.g.*, a Notice of Appeal or other motion) may be submitted by paper.[10]

V.   <u>Motions to Seal Health Information and For an Extension of Time, Filed August 18, 2015</u>

A.   <u>The First Motion to Seal Health Information and For an Extension of Time</u>

Plaintiff's "Verified (& Affidavit Form) Emergency MOTION (for Patience to 8-17-2015; impound health 'Exhibit[']) and NOTICE (including Status and too [sic] Other Errors, them detailed under separate filing" (Docket No. 23 in C.A. 14-13535-NMG and Docket No. 21 in C.A. 14-13162-NMG) will be <u>ALLOWED</u> to the extent that

---

[10]In view of the dismissal of these two actions for the reasons stated herein, this Court does not find this ruling to be prejudicial or unduly burdensome to plaintiff.   Should she seek a PACER account to access and view electronic court records and agree to pay the accompanying costs, she may file a motion to do so.

her health records will be <u>SEALED</u>.  It is her responsibility, however, to advise the clerk the precise docket and page number of her submissions that contain confidential health information she wishes to be placed under seal.  Further, to the extent plaintiff's health information is disbursed throughout her pleadings, she is required to submit a redacted version of the pleadings in each case, omitting the health information but otherwise leaving the document intact for the public record.[11]  To be clear, the onus is not on the clerk to peruse her submissions to attempt to determine the health information to be sealed.

With respect to plaintiff's incorporated request for an extension of time to August 17, 2015, to file her notice of factual errors, the motion will be <u>DENIED</u> as moot in view of her untimely submissions.[12]

    B.   <u>The Second Motion to Seal Health Information and For an Extension of Time to August 24th</u>

Similarly, with respect to plaintiff's "Verified (& Affidavit form) on Health (with Motion to Impound)"(Docket No. 25 in C.A. 14-13535-NMG and Docket No. 23 in C.A. 14-13162-NMG), the Motion to Impound will be <u>ALLOWED</u>; however, plaintiff must comply with the parameters set forth above (*i.e.*, advise the clerk the precise

---

[11]As a general matter, cases filed in this court are matters of public record.  The Court will not seal entire pleadings simply because plaintiff has interspersed health information throughout.

[12]Notwithstanding that plaintiff's August 18, 2015 pleadings are untimely and filed without Court permission, this Court will not strike these pleadings, and has considered each pleading on the merits.

docket and page number of her submissions that contain the confidential health information she wishes to be placed under seal and provide redacted versions for the public record).

Further, with respect to her incorporated request for an extension of time to August 24, 2015, the motions will be <u>DENIED</u> for all the reasons stated herein.

C.   <u>The Third Motion for an Extension of Time</u>

Plaintiff's "Verified (& Affidavit Form) APOLOGY NOTICE AND UPDATE MOTION (FOR COURT PATIENCE and to try for August 24, 2015 filing) AND MOTION to file by Email (to his clerk or otherwise)" (Docket No. 24 in C.A. 14-13535-NMG and Docket No. 22 in C.A. 14-13162-NMG) will be <u>DENIED</u> for the reasons stated herein.

As an additional matter, the fact that plaintiff has decided to concentrate her efforts in filing a number of motions, notices, and exhibits in lieu of filing amended complaints and complete show cause responses expressly addressing the legal impediments noted in this Court's Memorandum and Order as she was directed to do, undermines her contention that she is not being dilatory and that she has made efforts to comply with the Court's directives but has been unable to do for excusable reasons.      Further, plaintiff indicates that she has done some research on the abstention issues and intends to file additional memoranda.  This representation is most troublesome because it indicates to this Court that plaintiff intends to continue to file pleadings *ad seriatum*, on her own schedule, in utter disregard for this Court's deadlines and page limitations, making case management difficult

19

for Court staff and unduly wasting judicial resources.  Indeed, in her September 1, 2015 submissions, she also indicated that she plans to file additional documents (a list of her litigation history) by September 8, 2015, again <u>without</u> court permission to do so.

Finally, for the reasons stated herein, this Court also finds any further extension of time would be futile.

VI.  <u>The Motion to Extend Time to August 31, 2015, Filed August 26, 2015</u>

Similarly, plaintiff's "Verified (& Affidavit Form) Apology, Notice, Update and Motion (and claim to 'mail box rule' for 'filing' date of 8-24-2015." (Docket No. 26 in C.A. 14-13535-NMG and Docket No. 24 in C.A. 14-13162-NMG) will be <u>DENIED</u> in its entirety for the reasons discussed herein.

VII.  <u>The Motion to Extend Time, Filed September 1, 2015</u>

Plaintiff's "Verified (& Affidavit Form) Apology, Notice, Update and motion (and claim to 'mail box rule' for 'filing' date of 8-30-2015 with good faith submission of LIST (only) of 30 Years of COURT PROCEEDINGS needed for Court HISTORY" (Docket No. 27 in C.A. 14-13535-NMG and Docket No. 25 in C.A. 14-13162-NMG) will be <u>DENIED</u> for the reasons stated herein.

VIII. <u>Dismissal of These Two Civil Actions is Warranted</u>

To sum, nothing in <u>any</u> of the pleadings submitted by plaintiff convinces this Court that these cases should be permitted to proceed or be stayed pending further submissions. Accordingly, for the reasons stated herein, and for the reasons set forth in the Memorandum and Order, the above-captioned cases

20

will be <u>DISMISSED</u> in their entirety, with prejudice, pursuant to
28 U.S.C. § 1915(e)(2)(B)(i),(ii) and (iii).

IX.  <u>The Court's Power to Enjoin Vexatious Litigants:
     Warning to Plaintiff</u>

As noted in the prior Memorandum and Order, plaintiff has
filed complaints in many cases in the Massachusetts state courts
that relate in some fashion to the instant action.  Given
plaintiff's litigious history and the lack of legal merit of these
cases, this Court now finds -- as a final determination and not a
preliminary one -- that plaintiff's complaints are frivolous and
that her conduct is malicious, vexatious, and an abuse of the
processes of this Court for the administration of justice.

A district court has the power to enjoin litigants who abuse
the court system by filing groundless and vexatious litigation.
<u>Elbery</u> v. <u>Louison</u>, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir.
1999) (*per curiam*)(citing <u>Cok</u> v. <u>Family Court of Rhode Island</u>, 985
F.2d 32, 34 (1st Cir. 1993)).  Under Rule 11, the Court may impose
sanctions on an unrepresented party if he or she submits a
pleading for an improper purpose or if the claims within it are
frivolous or malicious.  <u>See</u> Fed. R. Civ. P. 11(b)(1), (2); <u>Eagle
Eye Fishing Corp.</u> v. <u>Department of Commerce</u>, 20 F.3d 503, 506 (1st
Cir. 1994)(*pro se* parties, like all parties and counsel are
required to comply with the Federal Rules of Civil Procedure);
<u>Pronav Charter II, Inc.</u> v. <u>Nolan</u>, 206 F. Supp. 2d 46, 53 (D. Mass.
2002)(Rule 11 applies to *pro se* litigants)(citation omitted).
Rule 11 exists, in part, to protect defendants and the Court from
wasteful, frivolous and harassing lawsuits and provides for

sanctions as a deterrent.  See Navarro-Ayala v. Nunez, 968 F.2d
1421, 1426 (1st Cir. 1992).  In addition to Rule 11, section 1927
of Title 28 provides for the imposition of costs and expenses,
including attorneys' fees, against a person for unreasonable and
vexatious litigation.  28 U.S.C. § 1927.

Apart from authority under Rule 11 and § 1927, a district
court has the inherent power to manage its own proceedings and to
control the conduct of litigants who appear before it through
orders or the issuance of monetary sanctions for bad-faith,
vexatious, wanton or oppressive behavior.  See Chambers v. Nasco,
Inc., 501 U.S. 32, 46-50 (1991); accord United States v.
Kouri-Perez, 187 F.3d 1, 6-8 (1st Cir. 1999)(same).

In light of the above, plaintiff is WARNED that she is
subject to: 1) being enjoined from filing further actions in this
Court absent permission from a district judge; 2) monetary
sanctions should she make any additional frivolous, malicious,
vexatious, and/or otherwise unreasonable submissions to this
Court.

X.   Certification that any Appeal Would not be Taken in Good
     Faith

For the reasons set forth herein, this Court will CERTIFY
that any appeal by plaintiff of the dismissal of her two actions
would not be taken in good faith.  Under 28 U .S.C. § 1915(a)(3)
"[a]n appeal may not be taken in forma pauperis if the trial court
certifies in writing that it is not taken in good faith."  Id.
Similarly, under Fed. R. App. P. 24(a)(3), a party who has been
permitted to proceed in forma pauperis in the district court

22

action may proceed on appeal *in forma pauperis* without further authorization unless the district court certifies that the appeal is not taken in good faith.  <u>Id.</u>  Such a certification prohibits *in forma pauperis* status on appeal even though plaintiff has been found to be indigent.  This Court finds that any appeal would be one that plainly does not deserve additional judicial attention.

Plaintiff may seek leave to appeal *in forma pauperis* by filing the appropriate motion with the United States Court of Appeals for the First Circuit.  <u>See</u> Fed. R. App. P. 24(a)(5)("A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4).  The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action.  If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).").

The Clerk is directed to transmit a copy of this Memorandum and Order to the First Circuit Clerk's Office forthwith.

## Conclusion and Order

Based on the foregoing and for all the reasons previously set forth in the Memorandum and Order, it is hereby Ordered that:

1.  Plaintiff's Motions for Extension of Time to 8/3/15 (Docket No. 17 in C.A. 14-13535-NMG  and Docket No. 15 in C.A. 14-13162-NMG) are <u>DENIED</u> in their entirety.

2.  Plaintiff's Emergency Supplemental Motions for Extension of Time to 8/3/15 and Motion to Correct Errors of Fact and Law (Docket No. 18 in C.A. 14-13535-NMG and Docket No. 16 in C.A. 14-13162-NMG) are <u>DENIED</u> in their entirety.

3.  Plaintiff's Motions to Correct (Docket No. 19 in C.A. 14-

13535-NMG and Docket No. 17 in C.A. 14-13162-NMG) are <u>DENIED</u> in their entirety.

4.   Plaintiff's requests for Evidentiary Hearings in each case are <u>DENIED</u>.

5.   The Court finds plaintiff's show cause responses (contained in each of her July 13, August 18, and August 26, 2015 submissions) are deficient.

6.   Plaintiff's Motion to do Electronic Filing in each case (Docket No. 22 in C.A. 14-13535-NMG and Docket No. 20 in C.A. 14-13162-NMG) are <u>DENIED</u> without prejudice.

7.   Plaintiff's "Verified (& Affidavit Form) Emergency MOTION (for Patience to 8-17-2015; impound health 'Exhibit[']) and NOTICE (including Status and too Other Errors, them detailed under separate filing" (Docket No. 23 in C.A. 14-13535-NMG and Docket No. 21 in C.A. 14-13162-NMG) are <u>ALLOWED</u> in each case to the extent that her health records will be <u>SEALED</u>. It is plaintiff's responsibility to advise the clerk the precise docket and page number of her submissions that contain confidential health information she wishes to be placed under seal and provide redacted pleadings for the public record.

8.   Plaintiff's "Verified (& Affidavit form) on Health (with Motion to Impound)(Docket No. 25 in C.A. 14-13535-NMG and Docket No. 23 in C.A. 14-13162-NMG) are <u>ALLOWED</u> in each case. It is plaintiff's responsibility to advise the clerk the precise docket and page number of her submissions that contain confidential health information she wishes to be placed under seal and provide redacted pleadings for the public record.

9.   Plaintiff's incorporated requests for an extension of time to August 17, 2015 to file her notice of factual errors (contained in Docket No. 23 in C.A. 14-13535-NMG and Docket No. 21 in C.A. 14-13162-NMG) are <u>DENIED</u> in their entirety.

10.   Plaintiff's "Verified (& Affidavit Form) APOLOGY NOTICE AND UPDATE MOTION (FOR COURT PATIENCE and to try for August 24, 2015 filing) AND MOTION to file by Email (to his clerk or otherwise)" (Docket No. 24 in C.A. 14-13535-NMG and Docket No. 22 in C.A. 14-13162-NMG) are <u>DENIED</u> in their entirety in each case.

11.   Plaintiff's "Verified (& Affidavit Form) Apology, Notice, Update and Motion (and claim to 'mail box rule' for 'filing' date of 8-24-2015." (Docket No. 26 in C.A. 14-13535-NMG and Docket No. 24 in C.A. 14-13162-NMG) are <u>DENIED</u> in their entirety in each case.

12.  Plaintiff's Verified (& Affidavit Form) Apology, Notice,
     Update and motion (and claim to 'mail box rule' for 'filing'
     date of 8-30-2015 with good faith submission of LIST (only)
     of 30 Years of COURT PROCEEDINGS needed for Court HISTORY"
     (Docket No. 27 in C.A. 14-13535-NMG and Docket No. 25 in C.A.
     14-13162-NMG) are be <u>DENIED</u> in their entirety in each case.

13.  The two civil actions (C.A. 14-13535-NMG and C.A. 14-13162-
     NMG) are <u>DISMISSED</u> in their entirety pursuant to 28 U.S.C.
     § 1915(e)(2)(B)(i),(ii) and (iii) <u>with</u> prejudice.

14.  Plaintiff is <u>WARNED</u> that she is subject to sanctions should
     she file any additional frivolous complaints and/or
     unreasonable submissions to this Court.

15.  This Court <u>CERTIFIES</u> pursuant to Fed. R. App. P. 24(a)(3)
     that any appeal of the matters contained in this Memorandum
     and Order would not be taken in good faith.


SO ORDERED.

                        /s/ Nathaniel M. Gorton
                       Nathaniel M. Gorton
                       United States District Judge

Dated: September 9, 2015

25